## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLARA PALACIOS,<br><br>Plaintiff,<br><br>vs.<br><br>SURE SYSTEMS, LLC, MARCELO A. OCCON, PRO TOUCH BUILDING MAINTENANCE, LLC, WALACE P. NUNES, AND MAURICIO NACIMIENTO,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-755 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is brought before the court by all of the defendants except Mauricio Nacimiento ("Nacimiento").[1] Nacimiento allegedly raped Plaintiff Clara Palacios ("Palacios") four times during October 2005. Nacimiento allegedly spent part of October as an employee of Sure Systems and another part of the month as an employee of Pro Touch. However, throughout the month, Nacimiento continued to supervise Palacios in her janitorial duties and threatened to have her fired if she did not submit to him. Marcelo A. Occon ("Occon") and Walace P. Nunes ("Nunes") own Sure Systems and Pro Touch, respectively. Occon and Nunes and their companies, Sure Systems and Pro Touch, now move the court to dismiss this case with respect to them. After due

---

[1] Defendants include Sure Systems, LLC, Marcelo A. Occon, Walace P. Nunes, and Pro Touch Building Maintenance (collectively "Defendants").

consideration of the memoranda, documents, oral argument, and the facts and law relevant to this matter, the court denies Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

Sure Systems, LLC ("Sure Systems") is a janitorial company that employed Palacios to clean different buildings.[2]  Nacimiento was her supervisor.[3]  Palacios alleges that Nacimiento assaulted her at least once and raped her four times during October 2005.[4]  The last alleged rape occurred on October 31, 2005.[5]  Nacimiento allegedly told Palacios "that she would have to submit to him or he would have her fired."[6]  After Palacios reported the rapes to the police, Nacimiento fled the state and could not be located.[7]

Palacios informed Occon, the President of Sure Systems, about the incidents.[8]  However, Palacios also knew Occon and Nacimiento were friends.[9]  Accordingly, she alleges that Occon advised Nacimiento to flee when he discovered that Palacios had notified the police.[10]  Additionally, Occon urged Palacios "not to take further legal action and that he would help her with her

---

[2]  Complaint, ¶ 5 (Docket No. 3); *see also* Charge of Discrimination (Docket No. 6, Ex. A).

[3]  Complaint, ¶ 5–6 (Docket No. 3).

[4]  *Id.* ¶ 4.

[5]  *Id.*

[6]  *Id.* ¶ 7.

[7]  *Id.* ¶ 11.

[8]  *See id.* ¶ 9.

[9]  Charge of Discrimination (Docket No. 6, Ex A).

[10]  *Id.*

employment."[11]  Sure Systems allegedly memorialized this promise in a letter from human resources that stated she would be restored to her prior work when she was medically released.[12]

Palacios became pregnant due to Nacimiento's alleged rapes.[13]  She subsequently "became severely depressed and experienced severe symptoms of PTSD."[14]  Because she was a forty-year-old woman with diabetes, the "pregnancy was very complicated physically and emotionally."[15]  As a result of this, Palacios asserts she became incapacitated and was unable to protect her legal rights.[16]  Palacios has provided a list of medical providers who will allegedly attest to her incapacity.[17]

Due to her alleged incapacity, Palacios did not attempt to return to work until January 2007.[18]  When she called back in January 2007 and asked for work, Occon only assigned her to one building rather than six.[19]  Palacios believes she "was denied acceptable employment in retaliation for reporting the rapes."[20]

---

[11]  Complaint, ¶ 9 (Docket No. 3).

[12]  *Id.* ¶ 10.

[13]  *Id.* ¶ 8.

[14]  *Id.*

[15]  *Id.*; *see also* Charge of Discrimination (Docket No. 6, Ex. A) (listing date of Palacios' birth compared to date of alleged rapes).

[16]  Complaint, ¶ 9 (Docket No. 3).

[17]  *Id.* ¶ 13.  The court accepts as true that Palacios was incapacitated and unable to protect her legal rights until January 2007.  The court makes no determination, however, whether Palacios will be able to sustain her burden of proving incapacity at trial.

[18]  *Id.* ¶ 14.

[19]  *Id.*

[20]  Charge of Discrimination (Docket No. 6, Ex. A).

On February 1, 2007, Palacios filed a charge with the Utah Antidiscrimination and Labor Division (the "Division"), asserting claims for sexual harassment and retaliation.[21]  She filed an amended charge on February 22, 2007, which expressly alleged that the statute of limitations on her claims had been tolled due to mental and emotional incapacity.[22]  However, without addressing Palacios' equitable tolling argument, the Division dismissed her sexual harassment claim because she waited 462 days to file it, well in excess of the 180 day limit provided by state law and the 300 day limit provided by federal law.[23]

Nevertheless, the Division found that Palacios' retaliation claim was timely because the alleged retaliation did not occur until January 2007 when Palacios attempted to return to work.[24] Sure Systems responded that it had expected Palacios to return to work in August or September 2006, shortly after her baby was born.[25]  When Sure Systems called Palacios to offer her the job in October and November 2006, she declined.[26]  As a result, Sure Systems hired another employee to perform the work and gave Palacios the only remaining job when she returned in January 2007.[27] Palacios provided no rebuttal to Sure Systems' response.[28]

---

[21] *Id.*

[22] Amended Charge of Discrimination (Docket No. 6, Ex. C).

[23] Determination & Order, § I (Docket No. 6, Ex. D).

[24] *Id.*

[25] *Id.* § III.

[26] *Id.*

[27] *Id.*

[28] *Id.* § IV.

Based on Sure Systems' non-retaliatory explanation for its actions and Palacios' failure to rebut the explanation, the Division found that Palacios failed to "establish a prima facie case of retaliation."[29]   Accordingly, on September 12, 2007, the Division issued a "Determination and Order" dismissing Palacios' charge.[30]   The Division included an explanation of Palacios' appeal rights with its order.[31]   The form listed three separate courses of action Palacios could pursue.  One of the options was to request a formal evidentiary hearing with the Division.[32]   Another option was for Palacios to "request a Substantial Weight Review by the [EEOC]."[33]   A third option was to withdraw her "complaint from the Division and request a Right to Sue Notice from the [EEOC]."[34]

Initially, Palacios requested an evidentiary hearing.[35]   But on the eve of the hearing, March 26, 2008, she withdrew her complaint and instead requested a Right to Sue Notice from the EEOC.[36]   The EEOC issued a Right to Sue Notice on July 2, 2008.[37]   The letter authorized Palacios to bring her claims against Sure Systems in court.[38]

---

[29]   Determination & Order, § V.A (Docket No. 6, Ex. D).

[30]   *Id.* § VI.

[31]   Appeal Rights (Docket No. 6, Ex. D attachment).

[32]   *Id.*

[33]   *Id.*

[34]   *Id.*

[35]   Order of Dismissal (Docket No. 6, Ex. H).

[36]   Notice of Withdrawal & Request for Notice of Right to Sue (Docket No. 6, Ex. G).

[37]   Notice of Right to Sue (Docket No. 6, Ex. J).

[38]   *See id.*

On March 17, 2008, shortly after requesting the Notice of Right to Sue against Sure Systems, Palacios also filed a discrimination charge with the EEOC against Pro Touch[39] because Nacimiento purportedly worked for Pro Touch at the time of the last two rapes.[40]  Because Pro Touch was an independent contractor for Sure Systems, Nacimiento purportedly remained in a supervisory position over Palacios under this arrangement.[41]  On August 22, 2008, the EEOC terminated its processing of the Pro Touch charge and issued a Notice of Right to Sue.[42]

Palacios timely filed her complaint with this court after the EEOC issued the right to sue notices.

## ANALYSIS

I.      **STANDARD OF REVIEW**

      A.      **Rule 12(b)(1) Motion**

Defendants have moved to dismiss Palacios' Complaint based on Rule 12(b)(1) of the *Federal Rules of Civil Procedure.*  To support their motion, Defendants have introduced documents outside of the pleadings.  "When a party challenges the allegations supporting subject-matter jurisdictional facts, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[43]  "In such instances, a court's reference

---

[39]  Charge of Discrimination (Docket No. 6, Ex. F).

[40]  Complaint, ¶ 6 (Docket No. 3); Letter to Heather E. Morrison, dated Feb. 21, 2008 (Docket No. 7, Ex. 4).

[41]  Complaint, ¶ 6 (Docket No. 3).

[42]  *See* Notice of Right to Sue (Docket No. 6, Ex. K).

[43]  *Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quotations and citation omitted).

to evidence outside of the pleadings does not convert" the Rule 12(b)(1) motion into a motion for summary judgment.[44]   Defendants contend that Palacios failed to exhaust her administrative remedies.   The court must refer to evidence outside of the pleadings to resolve this assertion. Because this is a jurisdictional issue, however, referring to outside evidence does not convert this to a summary judgment motion.

### B.      Rule 12(b)(6) Motion

Defendants also have moved to dismiss Palacios' Complaint based on Rule 12(b)(6).  The function of a 12(b)(6) motion is "to assess whether the plaintiff's *complaint alone* is legally sufficient to state a claim for which relief may be granted."[45]   "All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party."[46]  The complaint must include "enough facts to state a claim to relief that is plausible on its face."[47]  On a Rule 12(b)(6) motion, a court does not "weigh potential evidence that the parties might present at trial."[48]  Consequently, a court does not look at evidence outside of a pleading to determine such motions.[49]  If a court does rely "on material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment."[50]

---

[44]  *Id.* (quotations and citations omitted).

[45]  *Dobsen v. Anderson*, No. 08-7018, 2008 U.S. App. LEXIS 22820, at *8 (10th Cir. Nov. 4, 2008) (quotations, citation, and alteration omitted) (italics in original); *see also* Fed. R. Civ. P. 12(d).

[46]  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

[47]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[48]   *Dobsen*, 2008 U.S. App. LEXIS 22820, at *8.

[49]  *Id.* at *8–9.

[50]  *Id.* at *9 (quotations and citation omitted).

Importantly, however, "a court has broad discretion whether to accept and consider" outside materials that have been provided to support or oppose the Rule 12(b)(6) motion.[51]

Here, Occon and Nunes contend that Palacios' Complaint should be dismissed against them because Palacios *did not* name them individually in her state and EEOC charges. Occon and Nunes next assert the Complaint should be dismissed against them because Palacios *did* name them individually in it. Finally, Pro Touch contends it must be dismissed because it does not fall within the definition of an employer. The court finds that it may resolve these issues without resort to outside materials. Accordingly, Defendants motion to dismiss on these grounds will be treated as a Rule 12(b)(6) motion and not a motion for summary judgment.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A.   Sure Systems

The Tenth Circuit has consistently held that "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."[52] The requirement to file a claim with the appropriate agency serves "the dual purpose of ensuring the [agency] has the opportunity to investigate and conciliate the claims and of providing notice to the charged party of the claims against it."[53]

---

[51]  *Id.* at *10.

[52]  *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (citation omitted); *see also Hawkins v. Def. Logistics Agency of the Dep't of Def.*, No. 95-6441, 1996 U.S. App. LEXIS 27569, at *2 (10th Cir. Oct. 23, 1996) (citations omitted).

[53]  *Welsh v. City of Shawnee*, No. 98-6243, 1999 U.S. App. LEXIS 11251, at *6–7 (10th Cir. June 1, 1999) (citations omitted).

Under Utah law, an aggrieved party alleging employment discrimination must file a request for agency action with the Division.[54]  If the Division finds insufficient evidence to support the allegation of discrimination, the Division issues a determination and order dismissing the action.[55]  When the Division issues an order, it informs the parties of their appeal rights.[56]  The "Appeal Rights" form describes three different ways to continue administrative review of the claim.  All options are available to the "Charging Party," but only the first is available to both parties.[57]

First, either party may appeal the order "by submitting a written request for a formal evidentiary hearing to the Division Director" within 30 days of the order.  Second, "[t]he Charging Party may request a Substantial Weight Review by the [EEOC]" within 15 days of the order.[58]  Third, "[t]he Charging Party may also withdraw their [sic] complaint from the Division and request a Right to Sue Notice from the [EEOC] in order to pursue the case in federal court."[59]  Significantly, "may" provides discretion to the Charging Party in each circumstance as to which appeal option or options she chooses.  Therefore, at any time after the Division issues an order, a plaintiff may cease whatever administrative proceedings she is engaged in and commence a Title VII action with the EEOC.

If a state has a law prohibiting "unlawful employment practice[s]," Title VII specifies that no charge may be filed with the EEOC "before the expiration of sixty days after proceedings have

---

[54]  *See* Utah Code Ann. §§ 34A-5-102(6), 34A-5-107(1) (2009).

[55]  *Id.* § 34A-5-107(4).

[56]  *See* Appeal Rights (Docket No. 6, Ex. D attachment).

[57]  *Id.*

[58]  *Id.*

[59]  *Id.*

been commenced under the State or local law."[60]  This "deferral period, based on considerations of federalism, was intended to avoid premature interference by the Federal Government."[61]  Thus, "if the state or local agency is not given a bona fide opportunity to act upon a discrimination claim, the procedural requirements of [42 U.S.C. § 2000e-5(c) are not satisfied, and the claimant may not maintain her action in federal court."[62]  Once the sixty days have elapsed, however, a person has the right to have the EEOC review his or her Title VII claim.  When this occurs, Utah statute provides that "[t]he commencement of an action under federal law for relief based upon any act prohibited by this chapter bars the commencement or *continuation of any adjudicative proceeding* before the commission in connection with the same claims under this chapter."[63]

Palacios filed her charge of retaliation against Sure Systems with the Division on February 1, 2007.  She then amended her charge on February 22, 2007.  The Division rendered a negative decision on September 12, 2007.  As a result, Palacios exercised her right to request an evidentiary hearing with the Division.  Before the hearing, however, she withdrew her complaint and requested a Notice of Right to Sue from the EEOC.  Because sixty days had passed since her initial action with the Division, Palacios had met the minimum time requirement before presenting her claim to the EEOC.  Accordingly, the EEOC reviewed her charge and granted a Notice of Right to Sue on July 2, 2008.  Palacios exhausted her administrative remedies against Sure Systems when she received a order from the Division and then received a Right to Sue letter from the EEOC.

---

[60]  42 U.S.C. § 2000e-5(c).

[61]  *Langston v. Long Island R. Co.*, No. 79 Civ 2972, 1982 U.S. Dist. LEXIS 17610, at *5 (E.D.N.Y. Sept. 17, 1982) (quotations and citation omitted).

[62]  *Id*. at *4–5 (citations omitted)

[63]  Utah Code Ann. § 34A-5-107(16) (emphasis added).

Defendants cite a Utah Court of Appeals case to support their contention that Palacios' claims must be dismissed because she did not exhaust her administrative remedies.  In that case, employees of State Farm filed a discrimination charge with the Division.[64]  The Division found that State Farm had violated the Utah Anti-Discrimination Act, and it informed State Farm it could request a formal evidentiary hearing.[65]  However, rather than request a hearing, State Farm filed a petition for review in district court.[66]  The district court concluded that State Farm had failed to exhaust its administrative remedies, and the Court of Appeals agreed.[67]

A substantial difference between State Farm and Palacios is that State Farm was the employer and the subject of the charge of discrimination, whereas Palacios was the "Charging Party."  This is significant because the two parties have substantially different appellate options.  The subject of a discrimination charge can only appeal the Division's decision by requesting a formal evidentiary hearing with the Division.  The Charging Party, however, has three different ways to appeal.  Therefore, while State Farm was required to complete an evidentiary hearing to exhaust its administrative remedies, Palacios had the option of requesting an evidentiary hearing through the Division, requesting a Substantial Weight Review with the EEOC, or requesting a Notice of Right to Sue with the EEOC.

With Sure Systems, Palacios did not withdraw or abandon her appeal, but instead chose to pursue her claim in a federal as opposed to a state forum.  The dual purposes of the exhaustion

---

[64] *State Farm Mut. Auto Ins. Co. v. Industrial Comm'n*, 904 P.2d 236, 237 (Utah Ct. App. 1995).

[65] *Id.*

[66] *Id.*

[67] *Id.* at 237–38.

requirement have been met because Sure Systems was put on notice of the charges against it and the EEOC had an opportunity to investigate the charges. Palacios therefore exhausted her administrative remedies.

### B.     Pro Touch

Palacios filed a charge against Pro Touch with the Division on March 17, 2008.[68] The EEOC issued a Notice of Right to Sue on August 25, 2008.[69] Neither Palacios nor Pro Touch submitted any information showing whether the Division addressed that charge or whether it was withdrawn and filed with the EEOC before adjudication. Notably, however, Pro Touch does not argue that Palacios failed to exhaust her administrative remedies before the Division. Instead, it contends that "Palacios sought a Notice of Right to Sue instead of finishing the pending EEOC action."[70]

Federal statute "permits anyone who has filed an EEOC charge to bring a civil action either after EEOC has dismissed the charge or after 180 days if EEOC has not yet filed a civil action or entered into a conciliation agreement."[71] "The EEOC is authorized pursuant to 29 C.F.R. § 1601.28(a)(2) to issue a right to sue notice before 180 days elapse."[72] In *Walker*, the Tenth Circuit recognized that a private party does "not have the power . . . to force [the EEOC] to issue early right to sue notices."[73] This falls within the discretion of the EEOC if it determines, based on its caseload, that it cannot "complete its administrative processing of the charge within [the 180 day] time

---

[68] Charge of Discrimination (Docket No. 6, Ex. F).

[69] Notice of Right to Sue (Docket No. 6, Ex. K).

[70] Memo. in Support of Mot. to Dismiss, at 12 (Docket No. 6).

[71] *Walker v. UPS*, 240 F.3d 1268, 1271 (10th Cir. 2001).

[72] *Hall v. FlightSafety Int'l, Inc.*, 106 F. Supp. 2d 1171, 1182 (D. Kan. 2000).

[73] *Walker*, 240 F.3d at 1273 (citation omitted).

frame."[74]   Nevertheless, the Tenth Circuit has stated that it is permissible for a private party to request an early Notice, because "an early Notice [is] authorized by the Regulation."[75]   Thus, requesting and obtaining an early Right to Sue letter does not equate to failing to exhaust administrative remedies since this is a permissible remedy according to the EEOC regulation.[76]

The EEOC Notice that Palacios received states, "Less than 180 day have passed since the filing of this charge, but [the District Director] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge."[77] Because the EEOC could not complete its review within 180 days, it had the authority to issue an early Right to Sue letter.  Upon receiving this notice, Palacios timely filed her suit in federal court. The court therefore concludes that Palacios exhausted her administrative remedies with respect to Pro Touch.

## III.   CLAIMS AGAINST OCCON AND NUNES - RULE 12(b)(6)

Occon and Nunes contend they must be dismissed as parties from this action because they cannot be sued in their individual capacities.  It is true that an individual cannot be liable under Title VII because "relief granted under Title VII is against the *employer*."[78]   However, "an individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises

---

[74]  *Id.* at 1271.

[75]  *Id.* at 1273.

[76]  *See id.*

[77]  Notice of Right to Sue (Docket No. 6, Ex. K).

[78]  *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quotations and citation omitted) (emphasis in original); *see also Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996).

significant control over the plaintiff's hiring, firing or conditions of employment."[79]  Consequently,

an employer may be sued "either by naming the supervisory employees as agents of the employer

or by naming the employer directly."[80]  Still, an individual supervisor cannot "be held *personally*

liable under Title VII."[81]  Thus, a suit against a supervisor in his official capacity operates as a suit

against the employer.[82]

Occon and Nunes contend they must be dismissed because their Summonses state they are

being sued in both their individual and official capacity.  The Complaint, however, states that

Palacios is suing Occon and Nunes only in their official capacities.  While any confusion caused by

this inconsistency is unfortunate, it is the Complaint that states the plaintiff's causes of action, not

the Summonses.[83]  The court thus finds that Occon and Nunes have only been named in their official

capacities.

As presidents of their respective companies, Occon and Nunes qualify as "employers" under

Title VII.  Palacios could sue Sure Systems and Pro Touch either by naming the companies directly

or by naming their supervisory agents, Occon and Nunes.  In this case, she has done both.  Though

unnecessary, naming both the employer and the employer's agent has the same effect as naming just

the employer.  Because Defendants Occon and Nunes have only been sued in their official capacities,

moving to dismiss them in their individual capacities and for attorneys fees is not well-taken.

---

[79]  *Sauers*, 1 F.3d at 1125 (quotations and citation omitted).

[80]  *Id.* (quotations and citation omitted).

[81]  *Haynes*, 88 F.3d at 899 (emphasis added).

[82]  *See Sauers*, 1 F.3d at 1125.

[83]  *See* Fed. R. Civ. P. 3 & 8.

This conclusion likewise impacts Occon and Nunes' assertion that Palacios cannot sustain her action against them individually because she did not name them individually in her administrative charges.[84]   It would have been pointless for Palacios to name Occon and Nunes individually in her state and EEOC charges when they cannot be and have not been named individually under her Title VII action.   Accordingly, Occon and Nunes' Rule 12(b)(6) motion is denied as moot.

## IV.   PRO TOUCH'S STATUS AS AN EMPLOYER

### A.   Numerosity Requirement

Pro Touch contends that Palacios has failed to state a claim against it because Palacios did not allege that Pro Touch had more than fifteen employees in 2005.   Title VII defines an employer as a "person engaged in industry affecting commerce who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."[85]   This "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."[86]   Consequently, Palacios does not have to establish this element at this stage of the case.   Rather, "the notice form of pleading employed in all federal courts requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief' and a demand for the judgment sought."[87]   This means that Palacios

---

[84]   "[T]he failure to name a party in the EEOC charge does not raise a jurisdictional bar."   *Lewis v. Asplundh Tree Expert Co.*, 305 Fed. Appx. 623, 627 (11th Cir. 2008) (citation omitted).   Such assertions are therefore treated under Rule 12(b)(6) rather than Rule 12(b)(1).   *Id.*

[85]   42 U.S.C. § 2000e(b) (emphasis added).

[86]   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).

[87]   *Dean v. AFGE Local 476*, 402 F. Supp. 2d 107, 111 (D.D.C. 2005) (quoting Fed. R. Civ. P. 8).

is not required to delineate in her Complaint "the various elements identified by Defendant that are necessary to establish a claim under Title VII."[88]

Here, Palacios has alleged sufficient facts to put Pro Touch on notice of her claim.[89] While she did not allege that Pro Touch had fifteen employees in 2005, she was not required to do so based on Rule 8. Moreover, while Pro Touch contends "[i]t is public record that Pro Touch never had even close to 15 employees in 2005," it provided no evidence to support this assertion. It did not submit its response to the EEOC, an affidavit, or any other documents to address this issue. Finally, factual issues exist regarding whether Pro Touch was Palacios' de facto employer, whether Pro Touch was the agent of Sure Systems, and whether the number of people employed by Sure Systems and Pro Touch should be aggregated. Accordingly, Pro Touch is not entitled to dismissal on this ground.

### B.  De Facto Employer

Next, Pro Touch alleges Palacios' claim against it must be dismissed because Pro Touch never employed her as an employee. An "employer" under Title VII includes "any agent" of "a person engaged in an industry affecting commerce."[90] The Tenth Circuit has stated that "an individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment."[91] Accordingly, "employer" is a term that "should be 'construed in a functional sense to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of

---

[88]  *Id.*

[89]  The court does not address whether Palacios' Complaint meets the pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), because the Complaint was filed before *Iqbal* was decided.

[90]  42 U.S.C. § 2000e(b).

[91]  *Sauers*, 1 F.3d at 1125 (quotations and citation omitted).

an individual's compensation, terms, conditions, or privileges of employment.'"[92]  When such control

exists, "it [is] appropriate to regard the defendant as the *de facto* or indirect employer of the

plaintiff.'"[93]

Here, Palacios alleges that Nacimiento supervised her and had the power to terminate her

while he was employed by Sure Systems *and* Pro Touch.  Based on these allegations, Nacimiento

was an agent of Pro Touch who exercised significant control over Palacios' employment.  While Pro

Touch may not have been Palacios' conventional employer, these factual allegations are sufficient

to state a claim for relief under the theory of de facto employment.  The court therefore denies Pro

Touch's motion to dismiss.

## **ORDER**

For the reasons stated above, the court DENIES Defendants' Motion to Dismiss.[94]

DATED this 30th day of December, 2009.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[92]  *Magnuson v. Peak Technical Servs.*, 808 F. Supp. 500, 508 (E.D. Va. 1992) (quoting *Bostick v. Rappleyea*, 629 F. Supp. 1328, 1334 (N.D.N.Y. 1985)).

[93]  *Abbott v. Vill. of Westmont*, No. 02 C 2296, 2003 U.S. Dist. LEXIS 16051, at *18 (N.D. Ill. Sept. 5, 2003) (quoting *EEOC v. State of Ill.*, 69 F.3d 167, 169 (7th Cir. 1995)).

[94]  Docket No. 5.