# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLARA PALACIOS,<br><br>       Plaintiff,<br><br>vs.<br><br>SURE SYSTEMS, LLC, et al.,<br><br>       Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:08-cv-755 CW<br><br>Judge Clark Waddoups |

This matter is before the court on Plaintiff Clara Palacios' Objection to Taxation of Costs and Motion for Review. Following a two-week jury trial in January 2011, in which Defendants Sure Systems, LLC and Marcelo A. Occon ("Defendants") prevailed, Defendants filed a Bill of Costs for $8,567.43. On March 8, 2011, the Chief Deputy Clerk determined that some of the requested costs were inappropriate. She therefore reduced the taxed costs to $4,278.43. Plaintiff moves the court to review and vacate the award based on Plaintiff's indigency.

A trial court has discretion to disallow costs. Such discretion, however, it not unlimited.[1] Rule 54 of the Federal Rules of Civil Procedure "creates a presumption that the district court will award costs to the prevailing party."[2] The Tenth Circuit has recognized, however, that certain factors

---

[1] *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995).

[2] *Id.* at 459.

can overcome the presumption. One factor is if "the nonprevailing party [is] indigent."[3] Also relevant is the potential "chilling effect of imposing . . . high costs on future civil rights litigants."[4]

Here, Plaintiff has been approved to proceed *in forma pauperis* due to indigency. Moreover, Plaintiff presented compelling evidence that she was raped by a co-worker. Defendants prevailed on the hostile work environment claim not because they disproved their liability, but because of a statute of limitations issue that was factually disputed. Were the court to impose costs under such circumstances, it may well have a chilling effect on future civil rights litigants. For these reasons, the court hereby GRANTS Plaintiff's Motion for Review[5] and VACATES the taxation of costs.[6]

SO ORDERED this 12th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] *Id.* (citing 741 F.2d 1525, 1542 (7th Cir. 1984).

[4] *Sutton v. Corrections Corp of Am.*, No. 06-cv-01606, 2008 U.S. Dist. LEXIS 69198 (D. Colo. Aug. 29, 2008) (quotation marks and citation omitted) (ellipses in original).

[5] Dkt. No. 200.

[6] Dkt. No. 199.